# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>              Plaintiff,<br>     v.<br><br>NWS Corporation,<br><br>              Defendant. | Case No.: 10-cv-1208-JLS (BLM)<br><br>**ORDER: (1) GRANTING JOINT MOTION TO APPROVE CONSENT JUDGMENT; (2) ENTERING CONSENT JUDGMENT**<br><br>(Doc. Nos. 14, 15) |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") having filed her complaint, and Defendant NWS Corporation ("Defendant NWS") having appeared through counsel, having answered the complaint, having been duly advised on the proceedings, without admitting to the allegations contained within the complaint, agree to the entry of this Consent Judgment in settlement of this case without contest.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

   1.   Defendant NWS, its officers, agents, servants, employees and those persons in active concert or participation with them, from this date forward, be and hereby are permanently enjoined and restrained from violating the provisions of Section 11(c)(1) of the Occupational

Safety and Health Act, 29 U.S.C. § 660(c)(1), in any of the following manners: Defendant NWS shall not, contrary to Section 11(c)(1) of the Act, discharge or in any manner discriminate against any employee, including reducing the employee's hours of work, or discouraging others from employing that employee, because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act or has testified or is about to testify in any such proceeding or because of the exercise of such employee on behalf of himself or others of any right afforded by the Act;

    2.    Defendant NWS shall pay David Dixon $45,000.00 in back wages less regular payroll deductions, as follows, to settle this case:

    a.    By February 1, 2011, Defendant NWS shall pay David Dixon $3,000.00 in back wages from which regular legal payroll deductions are taken and paid;

    b.    Thereafter, beginning on March 1, 2011, Defendant NWS shall pay David Dixon fourteen consecutive monthly payments of $3,000.00 from which regular legal payroll deductions are taken and paid from all of these monthly payments. The first installment of these fourteen additional payments is due and payable on March 1, 2011, and the remaining payments shall be due and payable on or before the same day of each succeeding month thereafter until all payments have been paid;

The payments described are summarized as follows:

| Due Date | Amount Due |
| --- | --- |
| February 1, 2011 | $3,000.00 |
| March 1, 2011 | $3,000.00 |
| April 1, 2011 | $3,000.00 |
| May 1, 2011 | $3,000.00 |
| June 1, 2011 | $3,000.00 |
| July 1, 2011 | $3,000.00 |

Consent Judgment
Case No. 3:10-cv-01208-JLS-BLM    2

| | |
|---|---|
| August 1, 2011 | $3,000.00 |
| September 1, 2011 | $3,000.00 |
| October 1, 2011 | $3,000.00 |
| November 1, 2011 | $3,000.00 |
| December 1, 2011 | $3,000.00 |
| January 1, 2012 | $3,000.00 |
| February 1, 2012 | $3,000.00 |
| March 1, 2012 | $3,000.00 |
| April 1, 2012 | $3,000.00 |

        c.      Defendant NWS shall send all of the payments described in Paragraphs 2 (a) through (b), *supra*, to David Dixon at 1437 East Esperanza Way, Escondido, CA 92027 or any other address that David Dixon provides to Defendant NWS in writing;

        d.      Defendant NWS shall send all of the payments described in Paragraphs 2 (a) through (b), *supra*, by certified mail or any other similar means to ensure that the sending of the payments can be tracked; and

        e.      Defendant NWS shall send all of the payments described in Paragraphs 2 (a) through (b), *supra*, in the form of a cashier's check or money order.

    3.    If the Consent Judgment is not signed before January 21, 2011, the payment dates in the schedule above shall move to the 15th of each month.  If the Consent Judgment is not signed before February 4, 2011, the payment schedule in the schedule above shall be extended by removing the February 1, 2011 due date and $3,000 payment and by adding a May 1, 2012, payment due date and $3,000 payment.

    4.    Defendant NWS, within forty (40) calendar days of making each payment set forth in Paragraphs 2 (a) through (b), *supra*, shall provide a copy of the front and back of each check, or other appropriate evidence that such payment has been made, to the Regional Supervisory Investigator, U.S. Department of Labor/OSHA, 90 7th Street, Suite 18100, San Francisco, CA 94103.

Consent Judgment
Case No. 3:10-cv-01208-JLS-BLM      3

5. In the event that Defendant NWS is more than ten (10) calendar days late in making any of the payments described in Paragraphs 2 (a) through (b), *supra*, Defendant NWS shall immediately pay David Dixon the full gross amount that then remains unpaid less regular payroll deductions and pay David Dixon an additional 10% on the balance then remaining at the time the payment was missed. Defendant shall make the payments in this paragraph within 30 calendar days after the missed payment.

6. Defendant NWS shall, within 30 calendar days of the Court's order approving the Consent Judgment, for 60 consecutive days, post a notice in a prominent place at its work sites, in the same place as it posts its OSHA Form 300A (Summary of Work Related Injuries and Illnesses), stating that Defendant NWS will not, in any manner, discriminate against any employee because of engagement, whether real or perceived, in activities protected by Section 11(c) of the Act. To ensure all employees are aware of this notice, Defendant NWS shall also distribute this notice to all of its employees.

7. In the event David Dixon seeks employment elsewhere, Defendant NWS shall provide prospective employers, or other persons making inquiry into David Dixon's employment by Defendant NWS, only the dates of employment, job title of positions held, and relevant salary information.

8. Defendant NWS expressly waives any and all claims of any nature which it has have or may have against the Secretary, the U.S. Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

9. The Secretary and Defendant NWS shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 14th day of January, 2011.

_____
JANIS L. SAMMARTINO
U.S. DISTRICT JUDGE

| | |
|---|---|
| Defendant NWS Corporation hereby consents to the entry of this judgment on this 10th day of January, 2011. | Dated:  January 11, 2011<br><br>M. PATRICIA SMITH<br>Solicitor of Labor |
| /s/ Brian Nagatani<br>BRIAN NAGATANI<br>HIXSON NAGATANI LLP<br>4655 Old Ironsides Drive, Suite 420<br>Santa Clara, CA 95054<br>(408) 486-9988<br>Fax: (408) 727-6617<br>Attorney for Defendant NWS Corporation | LAWRENCE BREWSTER<br>Regional Solicitor<br><br>CHRISTOPHER WILKINSON<br>Counsel for Labor Relations<br><br>/s/ Norman E. Garcia<br>NORMAN E. GARCIA<br>Senior Trial Attorney<br>Attorneys for U.S. Department of Labor |
| /s/ Doug De Leo<br>NWS Corporation<br>Doug De Leo<br>President | |